**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 08-cr-30204-MJR |
| ) | |
| **ROSCOE DANIEL FRIESE, JR.,** ) | |
|   a/k/a "Buddy," ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**I. Background**

On September 17, 2008, the United States of America charged Roscoe Friese, Jr., in a two-count indictment, with felon in possession of a firearm and theft of government property. Friese pled guilty to both counts on December 22, 2008, and sentencing is set for April 10, 2009.

On January 15, 2009, Friese's attorney, Frederick Hess, filed a motion for medical examination to determine if Friese is fit for sentencing (Doc. 23). Hess submits that (1) his communication with Friese has been impaired because of Friese's slow comprehension and (2) Friese has used a cornucopia of illegal and legal drugs plus alcohol, beginning at age 14. Hess stated, "[Friese] believes that he is an addict and on the surface appeared to assist counsel in the review of his case." The Court held a hearing on Hess's motion on February 5, 2009, and now rules as follows.

**II. Analysis**

"If a court is presented with circumstances that raise a bona fide doubt about a

defendant's 'present ability to consult with his lawyer with a reasonable degree of rational understanding,' or call into question a defendant's 'rational as well as factual understanding of the proceedings,' ... the court must hold a hearing to determine whether the defendant is competent." ***United States v. Johns*, 728 F.2d 953, 956 (7th Cir. 1984) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (additional citations omitted)**. "[I]f reasonable cause exists to doubt a defendant's competence at any time after arrest and prior to the imposition of sentence, a court must *sua sponte* order a psychiatric examination of the defendant." *Id*. **(citing 18 U.S.C. § 4244)**. "Once a good-faith doubt exists, the court may not rule on the defendant's competency before it orders the § 4244 examination." *Id.* **(citations omitted)**.

18 U.S.C. § 4244(a) provides,

> **(a) Motion to determine present mental condition of convicted defendant**.--A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion, or at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. **18 U.S.C. § 4244(a)**.

Since Friese pled guilty on December 22, 2008, and Mr. Hess's motion was not filed until January 15, 2009, the motion must be denied because it was not filed within 10 days after Friese was found guilty. However, the Court may "at any time prior to sentencing" order a hearing if it finds reasonable cause to believe that a defendant may not be competent to proceed. **18 U.S.C. § 4244(a)**. Under § 4244(b), "[p]rior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or

2

psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)." **18 U.S.C. § 4244(b)**. 18 U.S.C. § 4247 provides, "For the purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days ... to the custody of the Attorney General for placement in a suitable facility." **18 U.S.C. § 4247(b)**.

The Government concurred in Friese's counsel's motion. Having observed Friese in open court and carefully reviewed the record, including the allegations of extensive and varied drug use over a lengthy period of time, the Court concludes that the motion for medical examination is well-founded and not based on mere speculation. The Court also relies on the opinions expressed by experienced lawyers on both sides that an examination is warranted.

For the reasons stated above, pursuant to 18 U.S.C. § 4244(b), the Court is persuaded that reasonable cause exists to believe that Friese is presently suffering from a mental disease or defect, and that an evaluation and a hearing are necessary to determine his current state of mental health. Accordingly, the Court **ORDERS** that a psychiatric or psychological examination of Friese be conducted - focusing on his competency to stand trial, plead guilty and be sentenced - and that a report of that examination be filed with the Court in accordance with 18 U.S.C. § 4247(b) and (c). The examination shall be completed within 30 days, unless an extension of time is granted by the Court pursuant to 18 U.S.C. § 4247(b) ("The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under ... section 4244 ..., upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant" ). The United States Marshal for this district is **DIRECTED** to arrange the examination forthwith, and to transport Friese at the appropriate time. Friese's sentencing hearing, previously scheduled for April 10, 2009, is

3

**CONTINUED** pending receipt of the report, at which time the court will schedule a hearing on the matter. Because the Court has ordered the evaluation and hearing on its own motion, it finds Friese's motion for medical examination to determine competency (Doc. 23), which was filed more than 10 days after Friese's December 22, 2008, guilty plea, to be **MOOT**.[1] The Clerk of Court is directed to provide a copy of this Order to the United States Marshal for the Southern District of Illinois.

    **IT IS SO ORDERED.**

    **DATED this 9th day of February, 2009**

                                          **s/Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**

---

[1] The February 5, 2009, Minute Entry, which indicated that the motion for medical examination was granted, is hereby amended to show that the motion is denied as moot (Doc. 27).